**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| PINGHE COUNTY SUSU ONLINE STORE and XIAMEN TAIXUNYU TRADING CO. LTD., <br><br> *Plaintiffs*, <br><br> v. <br><br> HONGHUA NIE, <br> *Defendant*. | Civil Action No. 3:25-cv-965 <br><br> JURY DEMAND |

## <u>ORIGINAL COMPLAINT</u>

Plaintiffs Pinghe County Susu Online Store dba Zhouyangshengdsgh and Xiamen Taixunyu Trading Co. Ltd. dba Wuweihongfghy ("Plaintiff") file this declaratory judgment action of patent non-infringement of certain closet hangers as defined herein ("Accused Products") and patent invalidity against United States Design Patent No. D1,029,509 ("Patent").

## INTRODUCTION

1.      Over the past twenty years, online retailing has revolutionized how foreign companies reach American consumers. The rise of electronic marketplaces combined with a dramatic increase in transport speed and improved logistic networks has allowed even relatively small companies to compete globally. These developments have generally increased competition and lowered prices.

2.      The web domain "Amazon.com" hosts the Amazon Marketplace and its millions of product listings; it is United States specific and targets American consumers. For an online retailer to effectively compete in the United States, it must sell on the Amazon Marketplace. According to bigcommerce.com, "Each month more than 197 million people around the world get on their devices and visit Amazon.com. That's more than the entire population of Russia. In 2018,

Amazon's share of the US e-commerce market hit 49%... that is more than Amazon's top three competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%."

3.     Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States. Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from contributory infringement liability. These include a patent infringement reporting mechanism and a binding pseudo-arbitration evaluation procedure currently known as the Amazon Patent Evaluation Express.

4.     In sum, after Amazon receives a patent infringement complaint, it may unilaterally remove the accused listings as a violation of their policies. Once this happens, accused sellers are left with limited options to appeal or overturn the removal, including submitting a court order stating that the accused seller is allowed to sell the accused products and hence are not violating Amazon policy for each of the listings mentioned in a deactivation notification.

5.     It is against this backdrop that Defendant Honghua Nie ("Defendant") reported to Amazon meritless "Intellectual Property Violation" against the Accused Products, specifically alleging infringement of the Patent, and resulting in the delisting of the Accused Products.

## NATURE OF THE ACTION

6.     This is an action for Declaratory Judgment of patent non-infringement and invalidity arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Laws, 35 U.S.C. § 101 *et seq*.

## PARTIES

7. Plaintiff Pinghe County Susu Online Store dba Zhouyangshengdsgh (Seller ID: A26D9IT2QWKV8U) is a type of foreign legal entity organized under the laws of the People's Republic of China.

8. Plaintiff Xiamen Taixunyu Trading Co. Ltd. dba Wuweihongfghy (Seller ID: AN0V9K5H6ORTH) is a type of foreign legal entity organized under the laws of the People's Republic of China.

9. Upon information and belief, Defendant is a private citizen of the People's Republic of China. Defendant is a resident of Hunan, China.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et. seq.* Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11. Defendant is subject to this Court's personal jurisdiction pursuant to the due process clause of the Constitution and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this State and District, including: regularly conducting and soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from Texas residents.

12. Alternatively, Defendant is subject to this Court's personal jurisdiction pursuant to Rule 4(k)(2).

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## THE ACCUSED PRODUCTS

- 3 -

14.    Plaintiffs are e-commerce companies selling various home supply products on the Amazon marketplace.

15.    The Accused Products at issue are the closet hangers identified by ASIN Nos. B0CB8B1M41, B0CFTBZFQX, B0CFT4FWJK, B0CW1FDB7B, B0CW1RY3PD, B0CW1QQQY6, B0CXPQJBC8, B0CXPRJ4M1, and B0CXPR1K6N. Each ASIN sells Accused Products that are functionally equivalent.

16.    The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for dish drying racks, Plaintiffs need their products listed in the Amazon marketplace.

17.    Defendant's ability to use Amazon infringement complaints as an inequitable injunction significantly harms Plaintiffs. In addition to the direct effects of monetary losses, the delisting of products immediately results in lost sales numbers, product reviews, and product ratings, which are all important factors in determining their Amazon ranking. Amazon ranking is in turn important to product visibility in consumer searches and to Amazon's award of the "Amazon Choice" badge or the "Amazon Bestseller" designations which create a significant sales boost.

## UNITED STATES DESIGN PATENT NO. D1,029,509

18.    Defendant is the named inventor and applicant of record of the Patent, attached as Exhibit A.

19.    The Patent is entitled "METAL TROUSER RACK" and claims "the ornamental design for a metal trouser rack, as shown and described." *Id.*

20.    The Patent was filed on January 12, 2023 and was issued on June 4, 2024. *Id.*

21.    The Patent has no priority claim. *Id.*

**DEFENDANT**

22.    On or around March of 2025, Defendant lodged a meritless Amazon infringement complaint (complaint ID: 17482105291) ("Complaint") against Plaintiffs and the Accused Products.

23.    Therein, Defendant identified the Patent as the intellectual property asserted.

24.    Amazon responded to the Complaints by quickly removing or delisting the Accused Products.

**PRIOR ART**

25.    The Tosnail 4 Pack 6 Tiers Foldable Steel Skirt Pants Clothes Hangers with Non-Slip Clips, Chrome Swivel Hook, Heavy Duty Jeans Hangers, Space Saving Closet Organizer and Storage (ASIN: B079NQ6VLJ) ("Tosnail Reference") contains customer reviews dated as early as 2019, which is some four years before the Patent's earliest claimed effective filing date of January 12, 2023. *See* Exhibit B.

26.    The Niulab Trouser Hangers, Metal Skirt Hangers, Space Saving, Pack of 2, Non-Slip Foldable Stainless Steel Hangers for Trousers, Scarves, Jeans, Clothes, Skirt Stands (ASIN: B0BDMGQWBT) ("Niulab Reference") was first available on Amazon as of September 8, 2022, which is some four months before the Patent's earliest claimed effective filing date of January 12, 2023. *Id.*

27.    The WEKIWGOT Trouser Hangers Metal Pack of 3, Skirt Hangers Space Saving, Wardrobe Organiser, Non-Slip Foldable Stainless Steel Hangers for Trousers, Skirts, Jeans (ASIN: B0C7PYNZ5L) ("WEKIWGOT Reference") was first available on Amazon as of September 22, 2022, which is some four months before the Patent's earliest claimed effective filing date of January 12, 2023. *Id.*

28.    The GDBAQAN Organization and Storage Skirt Hangers for Women (3 Pack-Silver) (ASIN: B0BQ1TSXSQ) ("GDBAQAN Reference") was first available on Amazon as of January 1, 2023, which is some eleven days before the Patent's earliest claimed effective filing date of January 12, 2023. *Id*.

### CLAIM I: DECLARATORY JUDGMENT OF INVALIDITY

29.    Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

30.    An actual, continuing, and justiciable controversy exists between Plaintiffs and Defendant as to the validity of the Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

31.    Pursuant to the Declaratory Judgment Act, Plaintiffs request a judicial determination and declaration that the sole claim of the Patent is invalid for failure to meet the statutory requirements of patentability, such as 35 U.S.C. §§ 102-103.

32.    For example, the sole design claim is anticipated by either the Tosnail Reference, Niulab Reference, WEKIWGOT Reference, and/or GDBAQAN Reference. As shown in the chart below, the claimed design of the Patent is either explicitly taught or disclosed by the cited prior art references.

| Design Claim | Prior Art References |
|---|---|



**Holds weight up to 15 lb.**

(Tosnail Reference)

(Niulab Reference)



(WEKIWGOT Reference)

(GDBAQAN Reference)

33.    As shown in the above claim chart, the sole design claim of the Patent is fully anticipated by the cited prior art references.

34.    Plaintiffs therefore request a judicial declaration that the claims of the Patent are invalid.

## CLAIM II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

35.    Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

36.    An actual, continuing, and justiciable controversy exists between Plaintiffs and Defendant as to the non-infringement of the Patent by the Accused Products, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

37.    Pursuant to the Declaratory Judgment Act, Plaintiffs request a judicial determination and declaration that the Accused Products do not infringe and have not infringed, either directly or indirectly, literally or under the doctrine of equivalents, the sole design claim of the Patent.

38.    For example, because the sole design claim is invalid in view of the prior art references cited herein, there can be infringement of an invalid claim.

39.    Plaintiffs therefore request a judicial declaration that the Accused Products do not infringe the Patent.

## JURY DEMAND

40.    Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, demand a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter the following in favor of Plaintiff:

A.  Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Accused Products regarding the Patent, and to refrain from lodging any further infringement complaints regarding the same;

B.  A finding and declaratory judgment that the Accused Products do not infringe any claims of the Patent;

C.  A finding and declaratory judgment that the claims of the Patent are invalid;

D.  A finding and judgment that this case is exceptional and an award to Plaintiffs of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

E.  Such further and additional relief as the Court deems just and proper.

Dated: April 17, 2025                    Respectfully submitted,

                                         */s/ Nicholas Najera*
                                         Timothy Wang
                                         Texas Bar No.: 24067927
                                         Nicholas Najera
                                         Texas Bar No.: 24127049

                                         Ni, Wang & Massand, PLLC
                                         8140 Walnut Hill Lane, Suite 615
                                         Dallas, TX 75231
                                         972-325-2220
                                         twang@nilawfirm.com
                                         nnajera@nilawfirm.com

                                         *Counsel for Plaintiff*